REID E. DAMMANN (SBN: 249031)
rdammann@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, California 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

JUSTIN HOLMES, ESQ. *pro hac vice forthcoming*
jholmes@grsm.com
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, Pennsylvania 19103
Attorneys for Defendant
SLICKDEALS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW CHEUNG and NINA HARRIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SLICKDEALS, LLC<br><br>Defendant. | CASE NO. 2:26-cv-00519<br><br>**DEFENDANT SLICKDEALS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**<br><br>Assigned to: Hon. Christina A. Snyder<br><br>Hearing Date: June 1, 2026 |



Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. PLAINTIFFS DO NOT HAVE STANDING TO SUE AS THEY HAVE FAILED TO ALLEGE A TRACEABLE INJURY IN FACT. ........ 1

B. PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD ANY COGNIZABLE CLAIMS. ........ 4

1. Plaintiffs' VPPA Claim must be Dismissed ........ 4

a) Slickdeals is Not a "Video Tape Service Provider" Under the Statute ........ 4

b) Plaintiffs are not "Consumers" or "Subscribers" under the VPPA ........ 6

c) The Alleged Disclosed Information Is Not PII As It Does Not Identify "Specific Video Materials or Services" ........ 7

2. Plaintiffs' ECPA Claim Must be Dismissed ........ 8

3. Plaintiffs Have Failed to State a Claim Under the California Invasion of Privacy Act ("CIPA") §§ 631 & 638.51 (Counts III & IV) ........ 10

a) Plaintiffs' Have Not Sufficiently Alleged Violations of CIPA's Wire Tapping Provision (Count III) ........ 10

b) Plaintiffs Have Also Not Alleged Violations of CIPA's Pen Register Statute (Count IV) ........ 13

4. Plaintiffs Have No Standing to bring a Claim Under the California Unfair Competition Law ("UCL") and Have Otherwise Failed to Establish the Elements of Such a Claim (Count V) ........ 15

5. Plaintiffs Have Failed to State a Claim for Unjust Enrichment (Count VI) .......... 16

III. CONCLUSION .......... 17

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.J. v. LMND Med. Grp., Inc.*,
2024 WL 4579143 (N.D. Cal. Oct. 25, 2024) ..... 17

*Allison v. PHH Mortg.*,
2026 WL 899438 (N.D. Cal. Mar. 27, 2026) ..... 9

*In re Application of the U.S. for an Ord. Pursuant to 18 U.S.C. sec. 2703(d)*,
830 F. Supp. 2d 114 (E.D. Va. 2011) ..... 13

*Archer v. NBCUniversal Media, LLC*,
794 F. Supp. 3d 716 (C.D. Cal. 2025) ..... 8

*Ballard v. Insomniac Holdings, LLC*,
2025 WL 1696558 (N.D. Cal. June 17, 2025) ..... 7

*Caldwell v. InMobi Pte., Ltd.*,
2026 WL 1162828 (N.D. Cal. Apr. 29, 2026) ..... 9

*Campos v. TJX Companies, Inc.*,
2025 WL 360677 (D. Mass. Jan. 31, 2025) ..... 1

*Cantu v. Tapestry, Inc.*,
2023 WL 4440662 (S.D. Cal. July 10, 2023) ..... 5

*Cappello v. Walmart Inc.*,
394 F. Supp. 3d 1015 (N.D. Cal. 2019) ..... 16

*Carolus v. Nexstar Media Inc.*,
2025 WL 1338193 (N.D. Cal. Apr. 9, 2025) ..... 14

*Casillas v. Six Flags Ent. Corp.*,
812 F. Supp. 3d 1016 (C.D. Cal. 2025) ..... 14

*Chandra v. Prager Univ. Found.*,
2025 WL 3049870 (C.D. Cal. Oct. 21, 2025) ..... 7

*Christopherson v. Cinema Ent. Corp.*,
161 F.4th 525 (8th Cir. 2025)....5

*D'Angelo v. Penny OpCo, LLC*,
2023 WL 7006793 (S.D. Cal. Oct. 24, 2023)....12

*Dawidzik v. Tesla, Inc.*,
2025 WL 3786963 (C.D. Cal. Dec. 29, 2025)....3

*Dawson v. Univ. of Phoenix, Inc.*,
2026 WL 92248 (N.D. Ill. Jan. 13, 2026)....9

*Dellasala v. Samba TV, Inc.*,
2026 WL 1138358 (N.D. Cal. Apr. 21, 2026)....15

*Diaz v. Paramount Skydance Corp.*,
2026 WL 1090958 (C.D. Cal. Apr. 20, 2026)....2, 17

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025)....10

*Draeger v. Transamerica Life Ins. Co.*,
2020 WL 1332170 (C.D. Cal. Mar. 23, 2020)....12

*Edwards v. MUBI, Inc.*,
773 F. Supp. 3d 868 (N.D. Cal. 2025)....16

*In re Facebook Consumer Privacy*,
402 F. Supp. 3d 767 (N.D. Cal. 2019)....15

*In re Facebook Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)....3, 16

*Gabrielli v. Haleon U.S., Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. Aug. 29, 2025)....3, 11

*Gabrielli v. Insider, Inc.*,
2025 WL 522515 (S.D.N.Y. Feb. 18, 2025)....2

*Gianne v. Accor Mgmt. US Inc.*,
2026 WL 925522 (C.D. Cal. Mar. 31, 2026)....11

*Gonzales v. Uber Techs., Inc.*,
305 F. Supp. 3d 1078 (N.D. Cal. 2018)....15

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*Hannant v. Culbertson Mem'l Hosp. Found.*,
2026 WL 777296 (C.D. Ill. Mar. 19, 2026) .......... 10

*Harrill v. Emanuel Med. Ctr.*,
2025 WL 1635428 (E.D. Cal. June 9, 2025) .......... 2

*Heerde v. Learfield Commc'ns, LLC*,
741 F. Supp. 3d 849 (C.D. Cal. 2024) .......... 12

*In re Hulu Priv. Litig.*,
2012 WL 3282960 (N.D. Cal. Aug. 10, 2012) .......... 7

*In re Hulu Priv. Litig.*,
86 F. Supp. 3d 1090 (N.D. Cal. 2015) .......... 7

*Hunthausen v. Spine Media, LLC*,
678 F. Supp. 3d 1228 (S.D. Cal. 2023) .......... 6

*Jackson v. Fandom, Inc.*,
2023 WL 4670285 (N.D. Cal. July 20, 2023) .......... 7

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) .......... 10, 11

*Jefferson v. Healthline Media, Inc.*,
674 F. Supp. 3d 760 (N.D. Cal. 2023) .......... 6

*Katz-Lacabe v. Oracle America, Inc.*,
668 F. Supp. 3d 928 (N.D. Cal., April 6, 2023) .......... 16

*Krzyzek v. OpenX Techs., Inc.*,
817 F. Supp. 3d 857 (N.D. Cal. 2026) .......... 9, 11

*Martin v. Meredith Corporation*,
657 F. Supp. 3d 277 (S.D.N.Y. 2023) .......... 7

*Mekhail v. N. Mem'l Health Care*,
726 F. Supp. 3d 916 (D. Minn. 2024) .......... 8, 9

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987 (N.D. Cal. 2024) .......... 16

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) .......... 11

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*Mitchener v. CuriosityStream, Inc.*,
815 F. Supp. 3d 845 (N.D. Cal. 2025), *appeal dismissed*, No. 25-4990, 2025 WL 3191910 (9th Cir. Oct. 23, 2025) .......... 13, 14

*Pemberton v. Rest. Brands Int'l, Inc.*,
2025 WL 3268404 (N.D. Cal. Nov. 24, 2025) .......... 17

*Plotsker v. Envato Pty Ltd.*,
2025 WL 2481422 (C.D. Cal. Aug. 2026) .......... 3, 8

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 4

*Pruchnicki v. Envision Healthcare Corp.*,
845 F. App'x 613 (9th Cir. 2021) .......... 15

*Q.J. v. PowerSchool Holdings, LLC*,
2025 WL 2410472 (N.D. Ill. Aug. 20, 2025) .......... 9

*R.S. v. Prime Healthcare Servs., Inc.*,
2025 WL 103488 (C.D. Cal. Jan. 13, 2025) .......... 10

*Reisberg v. Renaissance Learning, Inc.*,
2026 WL 1048242 (C.D. Cal. Feb. 17, 2026) .......... 13

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) .......... 9

*Rodriguez v. Brushfire Records*,
2025 WL 3692144 (C.D. Cal. Dec. 15, 2025) (Snyder, J.) .......... 3, 14

*Rodriguez v. Plivo Inc.*,
2024 WL 5184413 (Cal. Super., L.A. Cty. Oct. 2, 2024) .......... 13

*Roe v. Amgen Inc.*,
2024 WL 2873482 (C.D. Cal. June 5, 2024) .......... 8

*Semien v. PubMatic Inc.*,
2026 WL 216333 (N.D. Cal. Jan. 27, 2026) .......... 10

*Shah v. Capital One Financial Corp.*,
768 F.Supp.3d 1033 (N.D. Cal. 2025) .......... 15

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) .......... 14

*Sisti* v. *Bosley, Inc.*,
2026 WL 1223927 (C.D. Cal. Apr. 27, 2026) .......... 2, 9

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) .......... 10

*Solomon v. Flipps Media, Inc.*,
136 F.4th 41 (2d Cir.), *cert. denied*, 146 S. Ct. 885, 223 L. Ed. 2d 274 (2025) .......... 7, 8

*Svenson v. Google Inc.*,
65 F. Supp. 3d 717 (N.D. Cal. 2014) .......... 15

*Taino v. Bow Tie Cinemas*,
2025 WL 2652730 (S.D.N.Y. Sept. 16, 2025) .......... 7

*Taylor v. ConverseNow Techs., Inc.*,
2025 WL 2308483 (N.D. Cal. Aug. 11, 2025) .......... 11

*In re TikTok, Inc.*,
2025 WL 3628598 (C.D. Cal. Nov. 5, 2025), *adopted sub nom. In re TikTok, Inc.,* 2025 WL 3628448 (C.D. Cal. Nov. 6, 2025) .......... 15

*TransUnion LLC v. Ramirez*,
594 U.S. 413, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021) .......... 3, 4

*Turner v. Nat'l Notary Ass'n*,
2026 WL 947171 (C.D. Cal. Mar. 27, 2026) .......... 3, 5

*Turner v. Nuance Commc'ns*,
735 F. Supp. 3d 1169 (N.D. Cal. 2024) .......... 11

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) .......... 14

*In re USA Today Co., Inc. Internet Tracking Litig.*,
2026 WL 932655 (N.D. Cal. Apr. 6, 2026) .......... 2

*In re Vizio, Inc.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) .......... 5, 6

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*Yockey v. Salesforce, Inc.*,
688 F. Supp. 3d 962 (N.D. Cal. 2023) .......... 11

*In re Zoom Video Commc'ns Inc. Priv. Litig.*,
525 F. Supp. 3d 1017 (N.D. Cal. 2021) .......... 16

**Constitutions**

U.S. Const. art. III .......... 1, 3

**Statutes**

18 U.S.C. § 2510 .......... 4

18 U.S.C. § 2710 .......... 4

Cal. Bus. & Prof. Code § 17200 .......... 4

Cal. Penal Code § 631 .......... 4, 10, 11, 13

Cal. Penal Code § 631(a) .......... 10

Cal. Penal Code § 638.51 .......... 4, 10, 14

**Rules**

Fed. R. Civ. P. 12(b)(1) .......... 1, 4

Fed. R. Civ. P. 12(b)(6) .......... 1, 4

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## I. INTRODUCTION

Plaintiffs Complaint is yet another attempt by the Plaintiffs' bar to ride the coat tails of the flood of so called, "tracking technology" cases that have been filed in courts in California and across the country. What Plaintiffs fail to recognize, however, is that many courts have *recently and frequently* dismissed claims exactly like those Plaintiffs have brought here and their failure to sufficiently distinguish such cases in their Opp. To Slickdeals' Motion to Dismiss ("MTD Opp."). demonstrates the weakness of their arguments.

*First,* as established in its opening papers, Slickdeals, LLC's ("Slickdeals" or "Defendant") motion to dismiss under Rules 12(b)(1) and 12(b)(6) should be granted because Plaintiffs do not allege facts sufficient to confer Article III standing. *See* ECF No. 32-1, Slickdeals' Mem. Of Points And Authorities In Support of Motion to Dismiss ("Opening Br.").

*Second*, all of Plaintiffs statutory and common law claims are insufficiently pled and despite their best efforts to confuse the matter, the reality is that the VPPA is simply not applicable to the allegations alleged here, the ECPA is defeated by, among other deficiencies, single party consent, and California courts have routinely dismissed CIPA, UCL and Unjust Enrichment claims—just like those alleged by Plaintiffs here—in analogous cases, as discussed in more detail below. Accordingly, Slickdeals' motion to dismiss should be granted in full.

## II. ARGUMENT

### A. PLAINTIFFS DO NOT HAVE STANDING TO SUE AS THEY HAVE FAILED TO ALLEGE A TRACEABLE INJURY IN FACT.

Plaintiffs have failed to allege any concrete injury-in-fact as required by Article III of the United States Constitution, requiring dismissal. *See* Opening Br. at 3-6;, *Campos v. TJX Companies, Inc.,* 2025 WL 360677, at *4 (D. Mass. Jan. 31, 2025) (dismissing pixel tracking class action for lack of Article III standing due to

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the lack of concrete harm outside mere allegations of statutory violations); *Gabrielli v. Insider, Inc.,* 2025 WL 522515, at *7 (S.D.N.Y. Feb. 18, 2025) (dismissing plaintiffs' pixel tracking class action alleging violations of CIPA because plaintiff had no standing due to a lack of a legally protected privacy interest in IP address).

Here, Plaintiffs fail to specify the specific sensitive *personal information* that was purportedly collected by Slickdeals. Plaintiffs merely conclude, without support or specificity, that personally identifying or Private Information was disclosed, but then fail to allege the disclosure of sensitive personal information alleging only that, "browsing activity, the titles of video games purchased [presumably as to plaintiff Cheung], as well as other items purchased through Slickdeals." MTD Opp. at 4. As to "browsing activity," it is unclear what browsing activity Plaintiffs are referencing. *See Harrill v. Emanuel Med. Ctr.*, 2025 WL 1635428, at *4 (E.D. Cal. June 9, 2025) ("Plaintiff does not identify with specificity what information she provided to Defendants via her browsing activity on the Website and thus what information was subsequently transmitted to Meta."). Moreover, Plaintiffs' blanket and speculative assertions in their complaint regarding browsing activity on Slickdeals' website is insufficient to confer standing. *See Diaz v. Paramount Skydance Corp.*, 2026 WL 1090958, at *4 (C.D. Cal. Apr. 20, 2026) (dismissing claims regarding tracking of videos streamed, noting that "[t]he Ninth Circuit previously rejected this kind of 'broad theory' of 'free-roaming privacy right' in *Popa*, which held the plaintiff failed to explain how the tracking of her activity on the defendant's website was "remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law."); *Sisti* v. *Bosley, Inc*., 2026 WL 1223927, at *4 (C.D. Cal. Apr. 27, 2026) ("Because Plaintiff does not allege that he has ever sold that data in the past or intends to sell it in the future, his alleged injury based on an impairment in his ability to sell his own data is purely hypothetical and insufficient to confer standing."); *In re USA*

*Today Co., Inc. Internet Tracking Litig.*, 2026 WL 932655, at *3 (N.D. Cal. Apr. 6, 2026) (statutory violation of CIPA alone insufficient to allege injury-in-fact).

For claims like this to survive the pleading, there must be something more than the alleged disclosure of innocuous information for these sorts of claims to move forward. *See Rodriguez v. Brushfire Records*, 2025 WL 3692144, at *7 (C.D. Cal. Dec. 15, 2025) (Snyder, J.) (holding that the plaintiff did not have Article III standing based on a lack of sensitive personal information at issue); *Gabrielli v. Haleon U.S., Inc.*, 2025 WL 2494368 (N.D. Cal. Aug. 29, 2025) (involving healthcare website along with the affirmative rejection of cookies and continued placement of cookies despite this rejection resulting in court allowing the claims to move forward).

Indeed, the *In re Facebook Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) relied upon by Plaintiffs is distinguishable because here there are not allegations that tracking was used to create a "'cradle-to-grave profile' . . . that included," *e.g.*, the user's "'employment history and religious affiliations.'" *See also Dawidzik v. Tesla, Inc.*, 2025 WL 3786963, at *4, *6 (C.D. Cal. Dec. 29, 2025) (citing and distinguishing *In re Facebook*, and dismissing tracking claims based for lack of standing). The cases cited by Plaintiffs do not establish their standing, and Plaintiffs attempts to argue there is some material fact to be decided is patently untrue making their references to cases like *Turner v. Nat'l Notary Ass'n* irrelevant. 2026 WL 947171, at *3 (C.D. Cal. Mar. 27, 2026) (defendant's only non-fact based attack on standing is that plaintiff failed to plead a plausible VPPA claim); *see also Plotsker v. Envato Pty Ltd.*, 2025 WL 2481422, at *5 (C.D. Cal. Aug. 2026) (same).[1]

---

[1] To the extent Plaintiffs assert that a violation of the VPPA alone entails Article III Standing, that reasoning is flawed given the Supreme Court's holding in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021), requiring courts to "assess whether 'plaintiffs have identified a close



Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Accordingly, Plaintiffs lack standing and their claims should be dismissed under Rule 12(b)(1) with prejudice.

## B. PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD ANY COGNIZABLE CLAIMS.

Even if Plaintiffs have standing, which they do not, Plaintiffs' Complaint still fails to state a claim upon which relief can be granted. *See* Opening Br. at 6-19. Plaintiffs bring the following claims: (1) a VPPA claim, 18 U.S.C. § 2710, *et seq*., brought by Plaintiff Cheung; (2) a Federal Wiretap Act/ECPA claim, 18 U.S.C. § 2510, *et seq*., brought by Plaintiff Cheung; (3) a § 631 CIPA claim, Cal. Penal Code § 631, brought by Plaintiff Harris; (4) a § 638.51 CIPA claim, Cal. Penal Code § 638.51; (5) a UCL claim, Cal. Bus. & Prof. Code §§ 17200, *et seq*., brought by Plaintiff Harris; and (6) an unjust enrichment claim brought by both Plaintiffs. For the reason set forth below, FRCP 12(b)(6) requires dismissal of all these claims.

### 1. Plaintiffs' VPPA Claim must be Dismissed

Plaintiffs, by way of Cheung, assert a VPPA claim. However, that claim fails because Slickdeals is not a statutory "video tape service provider," Plaintiffs are not statutory "consumers" or "subscribers," and Slickdeals cannot disclose personally identifiable information regarding purchases or sales of video materials (here, video games). *See* Opening Br. at 6-10.

#### a) Slickdeals is Not a "Video Tape Service Provider" Under the Statute

Slickdeals is not a "video tape service provider" as it does not sell, rent, or deliver these audio-visual materials to its users, but rather directs them to an external retailer's website to complete the purchase. *See* Opening Br. at 7-8. Plaintiffs

---

historical or common-law analogue for their asserted injury.'" *See Popa v. Microsoft Corp.,* 153 F.4th 784, 794 (9th Cir. 2025) (citing *Transunion*). This argument would also only apply to Plaintiff Cheung's claims, as he is the only Plaintiff asserting a VPPA claim. *See* Compl. at ¶¶155-171. In any event, Plaintiff's VPPA claim is not sufficiently pled as discussed herein and in Defendant's opening papers. *See infra* § II.B.



Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

concede this point, albeit in an obfuscatory manner, that Slickdeals itself is not a retailer. *See* MTD Opp. at 5, 7 (noting the "final purchase was completed on a third-party retailer's website").

Plaintiffs incorrectly assert that Slickdeals' receipt of monetary compensation is enough to confer it the status of a video tape service provider. However, "[t]he VPPA's standard is a higher bar" with respect to whether a defendant's business is significantly tailored to delivering video content to meet the definition of a "video tape service provider." *Cantu v. Tapestry, Inc.*, 2023 WL 4440662, at *8 (S.D. Cal. July 10, 2023) (finding allegations that defendant's "business model monetizes the occasions its customers watch videos" insufficient); *accord Christopherson v. Cinema Ent. Corp.*, 161 F.4th 525, 527, 540 (8th Cir. 2025) (finding that movie theatre defendant who delivered movie trailers on web site was not a "engaged in the business" of providing such trailers).

Plaintiffs' authorities on this point are distinguishable. First, Plaintiffs cite to *In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1221-22 (C.D. Cal. 2017) to argue that multiple defendants can be "engaged in the business of selling the same video content." *In re Vizio* contains no such explicit pronouncement. Rather, the defendant in *In re Vizio* did not merely deliver video, but defendant sold a product (smart tv) that served as the medium or "passport" for which to view and access the video content. Here, Slickdeals' involvement, as a deal aggregator for a variety of products, is far too attenuated. Plaintiffs' remaining case involved a defendant that sold video materials itself. *See Turner*, 2026 WL 947171, at *4 ("[D]efendant concedes that it sells online material.").[2]

[2] Moreover, Plaintiffs seek to go beyond their complaint and rely on an article purportedly quoting Slickdeals executives. *See* MTD Opp. at 7 n.6. None of the quotes Plaintiffs choose are cited or discussed in their complaint, and the quotes also do not rebut the fact that Slickdeals is a deal aggregator, not a video tape seller. No transactions take place on Slickdeals' website, let alone transactions indicating that its website is significantly tailored to delivering video content.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Accordingly, Slickdeals is not a statutory video tape service provider and the VPPA claims must be dismissed with prejudice.

**b) Plaintiffs are not "Consumers" or "Subscribers" under the VPPA**

Plaintiffs do not fit into the definition of consumers or subscribers under the statute as they do not rent or purchase anything from Slickdeals. *See* Opening Br. at 8. In addition, Plaintiffs are not subscribers under the VPPA because they do not need a Slickdeals account to access the "deal" links, which transfer the users to third party websites. *Id.*

Plaintiffs' argument that Cheung qualifies as a consumer because he made purchases with third parties and that Slickdeals received compensation is contrary to the VPPA's definition of "consumer." Indeed, "[r]enting, purchasing or subscribing for goods or services from a third party connected to a video purchase provider is insufficient to make someone a 'consumer' under the VPPA . . . just because a video tape service provider indirectly receives a monetary benefit by virtue of a person's direct payments" to a third party "does not make that person a 'consumer' under the VPPA." *Hunthausen v. Spine Media, LLC*, 678 F. Supp. 3d 1228, 1233 (S.D. Cal. 2023). Plaintiff Cheung's claim that he qualifies as a subscriber because he provided his information to create a Slickdeals user account has been rejected by California courts as "a VPPA subscriber is not just someone who provides her name and address to a website, for some undisclosed purpose or benefit." *Jefferson v. Healthline Media, Inc.*, 674 F. Supp. 3d 760, 764 (N.D. Cal. 2023).

All of Plaintiffs' authorities on this point are distinguishable. *See In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1222 (portion quoted by Plaintiffs pertains to the definition of a "video tape service provider," not consumer, and court concluded plaintiff was subscriber based on software updates and additional features provided

by Vizio, not provided here); *Ballard v. Insomniac Holdings, LLC*, 2025 WL 1696558, at *3 (N.D. Cal. June 17, 2025) (unlike here, defendant itself "offer[ed] a massive library of prerecorded videos showcasing Insomniac TV, trailers for upcoming events, and recaps of past events."); *Jackson v. Fandom, Inc.*, 2023 WL 4670285, at *1 (N.D. Cal. July 20, 2023) (noting that "Fandom hosts prerecorded video content" and that plaintiff "then used Fandom to watch videos."); *In re Hulu Priv. Litig.*, 2012 WL 3282960, at *8 (N.D. Cal. Aug. 10, 2012) ("They visited hulu.com and viewed video content."); *Chandra v. Prager Univ. Found.*, 2025 WL 3049870, at *1, *3 (C.D. Cal. Oct. 21, 2025) (defendant hosted massive library of videos, and plaintiffs were able to create playlists of videos watched with subscription on website).

Accordingly, Plaintiffs are not statutory consumers, and the VPPA claims must be dismissed with prejudice.

**c) The Alleged Disclosed Information Is Not PII As It Does Not Identify "Specific Video Materials or Services"**

Even if Slickdeals is a video tape service provider (it is not) and that Cheung is a consumer (he is not), Plaintiffs also fail to plead sufficient facts to plausibly allege Defendant disclosed Plaintiffs' PII. Plaintiff Cheung did not (and could not) provide his PII regarding his purchases to Slickdeals because those purchases were made via third party. *See* Opening Br. at 8-9; *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015) ("For there to be an actionable VPPA violation, the video provider must have knowingly disclosed: 1) a consumer's identity; 2) the identity of 'specific video materials' and 3) the fact the person identified 'requested or obtained' material."); *Martin v. Meredith Corporation*, 657 F. Supp. 3d 277, 284 (S.D.N.Y. 2023); *Taino v. Bow Tie Cinemas,* 2025 WL 2652730, at *8 (S.D.N.Y. Sept. 16, 2025). Indeed, "[i]t does not make sense that a video tape service provider's liability would turn on circumstances outside of its control and the level of sophistication of the third party." *Solomon v. Flipps Media, Inc.*, 136 F.4th 41,



Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

52 (2d Cir.), *cert. denied*, 146 S. Ct. 885, 223 L. Ed. 2d 274 (2025).

Plaintiffs Opp. Cannot dispute that the Complaint includes no allegations that Cheung purchased any videos directly from Slickdeals. Plaintiffs' complaint instead makes the most threadbare allegations that a particular web page was browsed on Slickdeals—which is insufficient to bring a VPPA claim. *See* Compl. at ¶32-33. Plaintiffs continually conflate browsing activity with purchase activity. *See e.g.,* Plaintiffs' Opp at 7, FN 6. This false analogy results in their authorities being inapplicable on this point. *See Archer v. NBCUniversal Media, LLC*, 794 F. Supp. 3d 716, 718-19 (C.D. Cal. 2025) (defendant, owner of gruv.com, was an e-commerce web site that *sold* video materials to consumers) (emphasis added); *Plotsker*, 2025 WL 2481422, at *1 (defendant marketed library of over 100,000 pre-recorded videos and plaintiff alleged defendants disclosed videos *downloaded*).

**2. Plaintiffs' ECPA Claim Must be Dismissed**

Plaintiffs' ECPA claim must be dismissed because the one-party consent rule applies and Plaintiff has failed to allege a tortious or criminal purpose. *See* Opening Br. at 10-12; *Roe v. Amgen Inc.,* 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024) (dismissing the case because the "crime-tort exception is inapplicable where a defendant's primary motivation is to make money rather than to injure plaintiffs tortiously or criminally").

Plaintiffs' arguments in opposition do not rebut this. Plaintiffs incorrectly argue that they allege that Slickdeals acted as procurer, not an interceptor, therefore, the one-party consent rule does not apply to Slickdeals. To support this argument, Plaintiffs rely on an aside from the court in *Mekhail v. N. Mem'l Health Care*, 726 F. Supp. 3d 916, 926 (D. Minn. 2024). Plaintiffs omit that the same court opted to reject this distinction, stating, "the Court will assume without deciding that ***the party exception presumptively applies to any alleged violation of ECPA, whether a party to a communication is accused of directly intercepting that***

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

***communication or whether they are accused of procuring/using an interception of that communication***." *Mekhail*, 726 F. Supp. 3d 916, 927 (emphasis added). The *Mekhail* court noted that "the assumption is generally consistent with persuasive ECPA case law concerning the "presumptive non-liability of parties." *Id*. These critical points are omitted in Plaintiffs' opposition. *See also Q.J. v. PowerSchool Holdings, LLC*, 2025 WL 2410472, at *6 n.3 (N.D. Ill. Aug. 20, 2025) (noting that the court "need not reach" the issue of whether the one-party rule applies only to interceptors rather than procurers). Thus, this argument fails.

Plaintiffs also incorrectly argue that the crime/tort exception applies because there is a VPPA and non-specific "privacy" violation. Plaintiffs have not alleged "any act '***independent of the interception itself***' that 'was done for a criminal or tortious purpose.'" *Bosley, Inc*., 2026 WL 1223927, at *7 (emphasis added). By "claiming that" Slickdeals "had a 'tortious purpose' in disclosing" Plaintiffs' "website interactions to third parties, Plaintiff is merely claiming that the" purported "*interception itself* was committed for a tortious purpose." *Id.* Plaintiffs' authorities are also inapposite or distinguishable on this point. *Allison v. PHH Mortg.*, 2026 WL 899438, at *11 (N.D. Cal. Mar. 27, 2026) (defendant did not move to dismiss based on the one-party defense, and unlike here, "[t]he complaint also alleges that PHH collected and disclosed this information while representing in its Privacy Contracts that it did not do so."); *Caldwell v. InMobi Pte., Ltd.*, 2026 WL 1162828, *1 (N.D. Cal. Apr. 29, 2026) (no ECPA claims asserted by plaintiff); *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1083 (N.D. Cal. 2025) (not involving the one-party defense, and defendant, unlike here, placed tracking cookies *on multiple webpages unaffiliated with* defendant); *Krzyzek v. OpenX Techs., Inc.*, 817 F. Supp. 3d 857, 869 (N.D. Cal. 2026) (plaintiffs, unlike here, pleaded separate intrusion upon seclusion tort).[3] Furthermore, *Dawson v. Univ. of Phoenix, Inc.*,

[3] Several cases are cited in footnote 11, page 15, of Plaintiffs' Opp. to request that

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

2026 WL 92248, at *15 (N.D. Ill. Jan. 13, 2026) should be disregarded as an out-of-circuit non-binding case involving not only VPPA violations, but also FERPA disclosure violations not present here.

Accordingly, Plaintiffs' ECPA claim should be dismissed with prejudice.

**3. Plaintiffs Have Failed to State a Claim Under the California Invasion of Privacy Act ("CIPA") §§ 631 & 638.51 (Counts III & IV)**

**a) Plaintiffs' Have Not Sufficiently Alleged Violations of CIPA's Wire Tapping Provision (Count III)**

As discussed in Slickdeals' opening brief, Plaintiffs' CIPA §631 claim fails because (1) well-established case law shows that Slickdeals, as a party to a communication, cannot eavesdrop on its own communications and therefore cannot be directly liable under Section 631(a); (2) Plaintiffs fail to allege the contents of any protected communication as required to plead a CIPA cause of action; (3) Plaintiffs fail to allege in-transit interception; and (4) as Plaintiffs have not plead a direct violation of CIPA, they have also not sufficiently plead aiding and abetting liability because they failed plead an underlying violation of CIPA and analytics tools used on one's own website does not constitute aiding and abetting liability. *See* Opening Br. at 12-15.

Plaintiffs' opposition relies on inapplicable and misconstrued case law to sidestep Defendant's argument that it cannot be liable for supposedly eavesdropping on its own communications. For example, the portion of *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023) cited by Plaintiffs

---

the Court ignore *Amgen*. However, those cases that purportedly departed from *Amgen* are factually distinguishable. *See Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 850 (E.D. Cal. 2025) (involving HIPAA violations, not alleged here); *Semien v. PubMatic Inc.*, 2026 WL 216333 (N.D. Cal. Jan. 27, 2026) (separate tort of intrusion upon seclusion pled); *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002, at *5 (N.D. Cal. Aug. 4, 2025) (plaintiffs pled that defendant separately violated its own privacy policy); *R.S. v. Prime Healthcare Servs., Inc.*, 2025 WL 103488, at *7 (C.D. Cal. Jan. 13, 2025) (HIPAA violations); *Hannant v. Culbertson Mem'l Hosp. Found.*, 2026 WL 777296, at *8 (C.D. Ill. Mar. 19, 2026) (same).

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

does not discuss the issue of whether a party can or cannot eavesdrop on its own communications, but rather whether the software company utilized by another party to track such communications can be liable. That said, any such discussion of tracking software liability—and by extension, aiding and abetting liability of Slickdeals—is academic as the Court ultimately dismissed the plaintiff's complaint in *Javier* on statute of limitations grounds. *Javier*, 649 F. Supp. 3d at 903-04. Plaintiffs' other authorities on this point do not discuss the liability of parties analogous to Slickdeals. *See Taylor v. ConverseNow Techs., Inc.*, 2025 WL 2308483, at *1 (N.D. Cal. Aug. 11, 2025) (discussing software company's liability, not Domino's liability); *Turner v. Nuance Commc'ns*, 735 F. Supp. 3d 1169, 1184 (N.D. Cal. 2024) (distinguishable on similar grounds); *Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 973 (N.D. Cal. 2023) (same, and the court found no Section 631 violation).

Plaintiffs also argue that their allegations that the content intercepted is URLs is enough to satisfy the contents requirement of the CIPA § 631, relying on distinguishable or inapposite cases. For example, *Haleon* involved "user input data" such as "search queries, the user's name, age, gender, email address, location, and/or payment information." *Haleon US Inc.*, 815 F. Supp. 3d 852, 871; *see also Krzyzek*, 817 F. Supp. 3d 857, 861, 864 (plaintiff alleged tracking "across the internet" including websites outside of Bonappetit); *Gianne v. Accor Mgmt. US Inc.*, 2026 WL 925522, at *7 (C.D. Cal. Mar. 31, 2026) (information tracked including communications made while "booking" hotels via the website). Slickdeals is not alleged to have collected such detailed "content" information such as age or payment information, placing this case in line with *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) ("Plaintiff alleges that her "interactions" on Defendants' website were tracked, such as "button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

navigation, changes to visual elements in the browsers, network requests, and more. . . .The Court finds that these interactions are more akin to the 'record' information that the Ninth Circuit has held not to be contents of a communication.").

Plaintiffs also misleadingly and vaguely argue that the interception occurs in-transit, relying on paragraphs 57 and 112 of their complaint. ECF No. 1. Those paragraphs merely state, without elaborating that communications were intercepted "in real time" and "as soon as the" cookies were loaded onto Plaintiffs' browsers. However, these allegations are contradicted by the self-same sources relied upon by Plaintiffs in footnote 63 of ¶112. *See* Mario Neto, *What is the Facebook Pixel – Different ways to collect data to boost your ads performance*, BIRCH BLOG (last visited May 18, 2026);[4] *Draeger v. Transamerica Life Ins. Co.*, 2020 WL 1332170, at *8 (C.D. Cal. Mar. 23, 2020) ("Under the incorporation by reference doctrine, the court may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."). The article cited by Plaintiffs for this proposition explicitly states that the Meta Pixel requires that the user "*loads a page or **completes an action on**"* on the website, *i.e.*, upon completion of the supposed communication between the user and the website (here it would be Slickdeals), not while such communication is in-transit. Neto, *What is the Facebook Pixel* (emphasis added). Moreover, no such detail is provided for the other cookies complained of by Plaintiffs. Consequently, even under Plaintiffs' own authorities, this would be insufficient to plead interception while in-transit. *Heerde v. Learfield Commc'ns, LLC*, 741 F. Supp. 3d 849, 862 (C.D. Cal. 2024) ("Plaintiffs allege that, after they entered their Search Terms, the Search Terms were replicated and sent in parallel to the tracking entities."); *D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793, at *8 (S.D. Cal. Oct.

---

[4] *Available at* https://bir.ch/blog/what-is-the-facebook-pixel#:~:text=Putting%20it%20simply%2C%20the%20Meta,all%20from%20a%20sing (last visited May 11, 2026).

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

24, 2023) (pleading that "the JC Penney Website chat feature operates through [defendant's] servers, allowing real-time interception of the communication").

Accordingly, Plaintiffs' CIPA § 631 claim should be dismissed with prejudice.

**b) Plaintiffs Have Also Not Alleged Violations of CIPA's Pen Register Statute (Count IV)**

The data allegedly collected here—IP addresses—does not qualify for the statutory definition of "pen register" or "trap and trace device" under the statute because they IP addresses routinely and necessarily provided to website operators. *See* Opening Br. at 15-16; *In re Application of the U.S. for an Ord. Pursuant to 18 U.S.C. sec. 2703(d),* 830 F. Supp. 2d 114, 120 (E.D. Va. 2011) ("[m]ost websites maintain standard logs of connecting IP addresses" to, among other things, "evaluate usage patterns, engage in site marketing analysis, troubleshoot problems, or to gather feedback.").

Like plaintiffs in *Mitchener v. CuriosityStream, Inc.*, Plaintiffs do not address "the distinction between information ***about*** a communication versus information ***within*** a communication." 815 F. Supp. 3d 845, 852 (N.D. Cal. 2025), *appeal dismissed*, No. 25-4990, 2025 WL 3191910 (9th Cir. Oct. 23, 2025). However, as the court noted, "[i]f Defendant only collects information regarding the 'metadata' of the communication, Plaintiff's right to privacy is not invaded because he has no expectation of privacy as to that type of data (e.g., his IP address or general geographic location)." 815 F. Supp. 3d 845, 852 (N.D. Cal. 2025), *appeal dismissed*, No. 25-4990, 2025 WL 3191910 (9th Cir. Oct. 23, 2025); *see also Reisberg v. Renaissance Learning, Inc.,* 2026 WL 1048242, at *7 (C.D. Cal. Feb. 17, 2026) (granting dismissal of CIPA "pen register" claim, because, *inter alia*, "CIPA's pen register prohibition does not apply to IP address information."); *Rodriguez v. Plivo Inc.*, 2024 WL 5184413, at *2 (Cal. Super., L.A. Cty. Oct. 2, 2024). In other words, if Plaintiffs argue that content-type data is being collected,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

then the pen register/trap and trace claims should be dismissed. *See CuriosityStream, Inc.*, 815 F. Supp. 3d 845, 852 ("If Defendant instead collects content information from communication between the parties (e.g., information provided from Plaintiff to Defendant directly), then the TikTok software is not a trap and trace device and § 638.50 does not apply.").

Plaintiffs attempt to rebut this by arguing cases that are distinguishable on their face or that focus on the content of collection, falling outside both the "pen register" and "trap and trace" statutory definitions. *See Casillas v. Six Flags Ent. Corp.*, 812 F. Supp. 3d 1016, 1033 (C.D. Cal. 2025) (focusing on content rather than information about the alleged communication, such as user input data); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 932 (N.D. Cal. 2024) (defendant waived argument that there was no expectation of privacy in IP addresses). Additionally, even if Plaintiffs' cases expressly held that IP address tracking could constitute a pen register and/or trap and trace device, the Court should rely on the cases cited in the preceding paragraph, including its own reasoning in *Brushfire Records*. *See Brushfire Records*, 2025 WL 3692144, at *7 (Snyder, J.) ("Defendant's acquisition of plaintiff's IP address and other device identifiers from her visit to defendant's website 'does not cause the kind of harm that can be vindicated in federal court.'") (citing *Carolus v. Nexstar Media Inc.*, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025); *United States v. Forrester*, 512 F.3d 500, 509-11 (9th Cir. 2008)).[5]

Accordingly, for these reasons, Plaintiffs' CIPA § 638.51 claim should be dismissed with prejudice.

---

[5] Consequently, Plaintiffs' pronouncement that Defendants' position is novel within this Circuit and California should be disregarded. MTD Opp. at 16 (incorrectly stating that Defendant's argument and citation to *Plivo* is an isolated decision). Thus, Plaintiffs' remaining cases should be disregarded as inconsistent with the pen register/trap and trace provision of CIPA, and the reasoning in this Court's *Brushfire Records* decision and other decisions within this circuit. *See id.* at 15-16.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**4. Plaintiffs Have No Standing to bring a Claim Under the California Unfair Competition Law ("UCL") and Have Otherwise Failed to Establish the Elements of Such a Claim (Count V)**

As established in Defendant's opening papers, Plaintiffs' UCL claim should be dismissed because they lack standing to bring a UCL claim for failure to allege any monetary loss and they have failed to establish an unlawful, unfair or fraudulent act by Slickdeals. *See* Opening Br. at 16-18; *Pruchnicki v. Envision Healthcare Corp.,* 845 F. App'x 613, 615 (9th Cir. 2021); *In re Facebook Consumer Privacy,* 402 F. Supp. 3d 767, 804 (N.D. Cal. 2019) (distinguishing a company's gain of money through sharing or use of Plaintiffs' information from a claim Plaintiffs actually lost money and dismissing Plaintiffs' theory of economic loss as "purely hypothetical")*; Gonzales v. Uber Techs., Inc.,* 305 F. Supp. 3d 1078, 1093 (N.D. Cal. 2018) ("However, the sharing of names, user IDs, location and other personal information does not constitute lost money or property for UCL standing purposes.")*; Svenson v. Google Inc.,* 65 F. Supp. 3d 717, 730 (N.D. Cal. 2014) (finding Plaintiff could not proceed with UCL claim because she had "not alleged any facts showing Defendants' business practice—disclosing users' Contact Information to third-party App vendors—changed her economic position at all"); *Shah v. Capital One Financial Corp.,* 768 F.Supp.3d 1033, 1047-48 (N.D. Cal. 2025) (dismissing UCL claim in pixel tracking class action because plaintiffs did not allege loss of money or property as a result of their information alleged being disclosed to third parties through tracking pixels); *Dellasala v. Samba TV, Inc.,* 2026 WL 1138358, at *10 (N.D. Cal. Apr. 21, 2026) ("[J]ust because Plaintiffs' data is valuable in the abstract, and because [Samba] might have made money from it, does not mean that Plaintiffs have 'lost money or property' as a result.").

With respect to standing, Plaintiffs do not attempt to confront or distinguish Slickdeals' authorities, but instead offer distinguishable or inapposite cases involving the sensitive data of children, *see In re TikTok, Inc.,* 2025 WL 3628598,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

at *20 (C.D. Cal. Nov. 5, 2025), *adopted sub nom*. *In re TikTok, Inc.,* 2025 WL 3628448 (C.D. Cal. Nov. 6, 2025), or financial and tax filing data, *see In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1024 (N.D. Cal. 2024). With respect to the unlawful prong of the UCL, Plaintiffs also rely on distinguishable authorities. *See Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1023 (N.D. Cal. 2019) (involving statute forbidding violation of one's own privacy policy, which is not at issue here); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1048 (N.D. Cal. 2021) (evaluating the "unfair" prong of the UCL, not the unlawful prong, which Plaintiffs assert here); *Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 875 (N.D. Cal. 2025) (VPPA violations asserted against defendant with online movie library).

Accordingly, Plaintiffs have failed to plead a UCL claim and that claim should be dismissed with prejudice.

**5. Plaintiffs Have Failed to State a Claim for Unjust Enrichment (Count VI)**

Plaintiffs have failed to state a claim for unjust enrichment because Plaintiffs were never in privity with Slickdeals and do not allege to have had such a relationship through some corresponding contractual causes of action as required by California law; and Plaintiffs have not pleaded that they have either expended their own resources or shown their Sensitive Information has become less valuable. *See* Opening Br. at 18-19; *Katz-Lacabe v. Oracle America*, *Inc.*, 668 F/ Supp.3d 928, 946 (N.D. Cal., April 6, 2023) (dismissing Plaintiffs' unjust enrichment claim in pixel tracking class action because plaintiffs did not adequately plead diminution in value of property).

Plaintiffs' authorities do not warrant going against well-established California law or stand for the proposition that receipt of personal data itself satisfies the elements of unjust enrichment. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 597 (9th Cir. 2020) (list of claims "relevant to [the]

appeal" did not include standalone claim for unjust enrichment); *Pemberton v. Rest. Brands Int'l, Inc.*, 2025 WL 3268404, at *8 (N.D. Cal. Nov. 24, 2025) (plaintiff "'establish[ed] the requisite relationship' between [defendant's] fraud and unjust enrichment" where plaintiff alleged defendant misrepresented cookie opt-out option); *A.J. v. LMND Med. Grp., Inc.*, 2024 WL 4579143, at *4 (N.D. Cal. Oct. 25, 2024) (unjust enrichment claim against pled along with fiduciary relationship claim against defendant that touted itself as "national online doctor's office").

Additionally, Plaintiffs' arguments regarding the receipt of "affiliate commissions" by Slickdeals should also be rejected as Plaintiffs still do not allege that the commissions are tied to the alleged disclosure of information. Moreover, this argument is merely a rehash of the arguments rejected by courts that personally identifiable information is valuable *per se*. *See Paramount Skydance Corp. et al.*, 2026 WL 1090958, at *6 ("The enrichment of a defendant is only 'unjust' when a plaintiff conferred a benefit 'through mistake, fraud, coercion, or request.'").

Accordingly, for these reasons, Plaintiffs' unjust enrichment claim must be dismissed with prejudice.

## III. CONCLUSION

For the reasons stated herein, Slickdeals respectfully requests this Court grant its motion to dismiss and dismiss this action in its entirety with prejudice.

Dated: May 18, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Reid Dammann, Esq.
Reid Damman, Esq.
Justin Holmes, Esq. (*pro hac vice forthcoming)*
Attorneys for Defendant
SLICKDEALS

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# WORD COUNT CERTIFICATION

The undersigned, counsel of record for SLICKDEALS, LLC certifies that this brief contains 5,499 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 18, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By*: /s/ Reid Dammann, Esq.*
Reid Dammann, Esq.
Attorneys for Defendant
SLICKDEALS